JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Dept. of Justice
South Terrace, Suite 370
999 18th Street
Denver, CO 80202
(303) 844-1804
daniel.pinkston@usdoj.gov

MICHAEL W. COTTER
United States Attorney
District of Montana
901 Front Street, Suite 1100
Helena, MT 59626
(406) 457-5120
mark.smith3@usdoj.gov

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | | |
|---|---|---|
| UPPER MISSOURI WATERKEEPER, ) | | |
| ) | | |
| Plaintiff, ) | Case No. 4:16-cv-000052-BMM | |
| ) | | |
| vs. ) | | |
| ) | | |
| UNITED STATES ENVIRONMENTAL ) | ANSWER | |
| PROTECTION AGENCY and GINA ) | | |
| McCARTHY, Administrator, United States ) | | |
| Environmental Protection Agency, ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

Defendants United States Environmental Protection Agency and

Administrator Gina McCarthy (collectively "Defendants" or "EPA") file this Answer.

Except as expressly admitted herein, Defendants deny each and every allegation of

1

fact set forth in the Complaint. Defendants respond to the correspondingly numbered paragraphs of the Complaint as follows:

1. The allegations of the first sentence of Paragraph 1 of the Complaint are characterizations of Plaintiff's claims to which no response is required. The allegations of the second sentence of Paragraph 1 of the Complaint are legal conclusions to which no response is required.

2. The allegations of Paragraph 2 of the Complaint characterize the Clean Water Act or EPA's implementing regulations, which speak for themselves and are the best evidence of their contents.

3. As to the allegations of the first clause of the first sentence of Paragraph 3 of the Complaint, Defendants admit that Montana promulgated numeric water quality criteria for phosphorus and nitrogen ("numeric nutrient criteria," or "NNC"). The allegations of the balance of Paragraph 3 characterize Montana's promulgation and EPA's approval of that promulgation, which speak for themselves and are the best evidence of their contents.

4. As to the allegations of Paragraph 4 of the Complaint, Defendants admit that Montana promulgated and EPA approved certain variances from the NNC; Montana's promulgation of variances and EPA's approval of those variances speak for themselves and are the best evidence of their contents.

5. Defendants are unable to admit or deny the allegations of the first sentence of Paragraph 5 of the Complaint because the phrase "is not supported by science" is vague and ambiguous. As to the allegations of the second sentence of Paragraph 5, Defendants admit that water quality-based effluent limits derived to

meet the interim variance water quality standard applicable through July 2017 for phosphorus and nitrogen are less stringent such limits that are derived to meet the NNC.

6. The allegations of Paragraph 6 of the Complaint are legal conclusions to which no response is required.

7. As to the allegations of the first clause of the first sentence of Paragraph 7 of the Complaint, Defendants admit that EPA approved Montana's NNC variance submissions. The balance of the allegations of Paragraph 7 of the Complaint are legal conclusions to which no response is required.

8. The allegations of Paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. The allegations of Paragraph 9 of the Complaint are characterizations of Plaintiff's claims to which no response is required.

10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint and therefore deny same.

11. As to the allegations of Paragraph 11 of the Complaint, Defendants admit that EPA is an agency of the United States. The balance of the allegations of Paragraph 11 of the Complaint characterize provisions of the Clean Water Act cited therein, which speak for themselves and are the best evidence of their contents.

12. Defendants admit the allegations of the first sentence of Paragraph 12 of the Complaint. The allegations of the second sentence of Paragraph 12 are characterizations of Plaintiff's claims to which no response is required.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, and fourth sentences of Paragraph 13 of the Complaint and therefore deny same. Defendants admit the allegations of the third sentence of Paragraph 13.

14. The allegations of Paragraph 14 of the Complaint are legal conclusions to which no response is required.

15. The allegations of the first and fourth sentences of Paragraph 15 of the Complaint are legal conclusions to which no response is required. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the second and third sentences of Paragraph 15 and therefore deny same.

16. The allegations of Paragraph 16 of the Complaint are characterizations of Plaintiff's claims to which no response is required.

17. The allegations of Paragraph 17 of the Complaint are legal conclusions to which no response is required

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of Paragraph 18 of the Complaint and therefore deny same. The allegations of the second sentence of Paragraph 18 are characterizations of Plaintiff's claims to which no response is required.

19. Defendants admit the allegations of the first four sentences of Paragraph 19 of the Complaint. As to the allegations of the fifth sentence of Paragraph 19,

Defendants admit that nutrient pollution may in some instances impair designated uses.

20. Defendants admit the allegations of Paragraph 20 of the Complaint.

21. The allegations of Paragraph 21 of the Complaint characterize the Federal Register notice cited therein, which speaks for itself and is the best evidence of its contents.

22. Defendants admit the allegations of the first sentence of Paragraph 22 of the Complaint. As to the allegations of the second sentence of Paragraph 22, Defendants admit that some stream miles in Montana are impaired by excess nitrogen and/or phosphorus, but are without knowledge or information sufficient to form a belief regarding the "nearly twenty percent" figure stated, which does not include a citation for that figure. As to the allegations of the third sentence of Paragraph 22, Defendants admit that high nitrogen and/or phosphorus levels, in conjunction with other factors, may impair some underlying designated uses for some Montana waters.

23. The allegations of Paragraph 23 of the Complaint characterize the statutes cited therein, which speak for themselves and are the best evidence of their contents.

24. The allegations of Paragraph 24 of the Complaint characterize the regulations cited therein, which speak for themselves and are the best evidence of their contents.

25. The allegations of Paragraph 25 of the Complaint characterize the statutes cited therein, which speak for themselves and are the best evidence of their contents.

26. The allegations of Paragraph 26 of the Complaint characterize the regulations cited therein, which speak for themselves and are the best evidence of their contents. However, Defendants affirmatively state that the phrase "earlier EPA policy" is not defined, and Defendants therefore cannot respond to the allegations of Paragraph 26 to the extent Plaintiff relies on "earlier EPA policy." Defendants also affirmatively assert that 40 C.F.R. § 131.14 is not determinative as to this case because it was not effective until October 20, 2015, after the date of the EPA agency action challenged here.

27. The allegations of Paragraph 27 that characterize the portions of 40 C.F.R. § 131.14 cited therein, which speak for themselves and are the best evidence of their contents. Defendants affirmatively state that 40 C.F.R. § 131.14 was not effective at the time EPA approved Montana's NNC and variances (February 26, 2015), and that the requirements of present 40 C.F.R. § 131.14 were not the applicable standards for EPA's approval of Montana's NNC and variances. The remainder of the allegations are legal conclusions to which no response is required.

28. Defendants admit the allegations of the first sentence of Paragraph 28 of the Complaint. The allegations of the second and third sentences of Paragraph 28 characterize Montana Department of Environmental Quality Circular DEQ-12A ("Circular DEQ-12A"), which speaks for itself and is the best evidence of its contents.

29. The allegations of Paragraph 29 of the Complaint characterize Circular DEQ-12A and Montana's criteria submissions, which speak for themselves and are the best evidence of their contents.

30. Defendants admit the allegations of the first sentence of Paragraph 30 of the Complaint. As to the allegations of the second sentence of Paragraph 30, Defendants admit that EPA approved Montana's NNC on February 26, 2015. EPA's approval of the Montana NNC speaks for itself and is the best evidence of its contents.

31. As to the allegations of the first sentence of Paragraph 31 of the Complaint, Defendants are without knowledge sufficient to form a belief as to when Montana "decided to develop" the variance. The balance of the allegations of Paragraph 31 characterize the Montana NNC, NNC variance and underlying record which speak for themselves and are the best evidence of their contents.

32. The allegations of Paragraph 32 of the Complaint characterize the Montana NNC variance and underlying record which speak for themselves and are the best evidence of their contents.

33. The allegations of Paragraph 33 of the Complaint characterize the Montana NNC variance and underlying record which speak for themselves and are the best evidence of their contents.

34. The allegations of Paragraph 34 of the Complaint characterize the Montana NNC variance and underlying record, which speak for themselves and are the best evidence of their contents.

35. The allegations of Paragraph 35 of the Complaint are legal conclusions to which no response is required.

36. As to the allegations of the first sentence of Paragraph 36 of the Complaint, Defendants admit that Montana submitted the NNC and the NNC variance to EPA for review and approval. Defendants admit the allegations of the second sentence of Paragraph 36.

37. The allegations of Paragraph 37 of the Complaint characterize the statutes, Montana submissions, and EPA approval, which speak for themselves and are the best evidence of their contents.

38. The allegations of Paragraph 38 of the Complaint are legal conclusions to which no response is required.

39. The allegations of the first sentence of Paragraph 39 of the Complaint characterize the APA, which speaks for itself and is the best evidence of its contents. The allegations of the second sentence of Paragraph 39 are legal conclusions to which no response is required.

40. The allegations of Paragraph 40 of the Complaint characterize Circular DEQ-12A, Montana's NNC variance and underlying record, which speak for themselves and are the best evidence of their contents. The allegations of Paragraph 40 of the Complaint are legal conclusions to which no response is required.

41. The allegations of Paragraph 41 of the Complaint are legal conclusions to which no response is required.

42. The allegations of Paragraph 42 of the Complaint are legal conclusions to which no response is required.

43. Defendants are without knowledge sufficient to form a belief as to alleged "direct injury to the recreational, environmental, aesthetic, and/or other interests of Waterkeeper, [or] its members . . . ," and therefore deny same. The balance of the allegations of Paragraph 43 of the Complaint are legal conclusions to which no response is required.

44. The allegations of Paragraph 44 of the Complaint are legal conclusions to which no response is required.

45. With regard to the allegations of the first sentence of Paragraph 45 of the Complaint, Defendants affirmatively state that 40 C.F.R. § 131.3(o), cited by Plaintiff in Paragraph 45, was not effective until October 20, 2015, after the date of EPA's action approving Montana's NNC and NNC variance submission (February 26, 2015), and was not applicable on February 26, 2015. Plaintiff's allegation that "EPA's long-established policy" is "(now codified in regulations)" is a legal conclusion to which no response is required. The allegations of the second sentence of Paragraph 45 characterize 40 C.F.R. § 131.10(g), which speaks for itself and is the best evidence of its contents.

46. The allegations of Paragraph 46 of the Complaint characterize the regulations cited there, which speak for themselves and are the best evidence of their contents.

47. The allegations of Paragraph 47 of the Complaint characterize the regulations cited there, which speak for themselves and are the best evidence of

their contents. Defendants affirmatively state that 40 C.F.R. § 131.14(b)(1)(v), cited by Plaintiff in Paragraph 47, was not effective until October 20, 2015, after the date of EPA's action approving Montana's NNC and NNC variance submission (February 26, 2015), and was not applicable on February 26, 2015.

48. With regard to the allegations of Paragraph 48 of the Complaint, Defendants affirmatively state that the provisions of 40 C.F.R. § 131.14 were not effective until October 20, 2015, after the date of EPA's action approving Montana's NNC and NNC variance submission (February 26, 2015), and not applicable on February 26, 2015. The balance of the allegations of Paragraph 48 of the Complaint characterize EPA's approval of Montana's NNC and NNC variance submission and underlying record, which speak for themselves and are the best evidence of their contents. In addition, the balance of the allegations of Paragraph 48 of the Complaint include legal conclusions to which no response is required.

49. The allegations of Paragraph 49 of the Complaint are legal conclusions to which no response is required.

50. The allegations of the first sentence of Paragraph 50 of the Complaint characterize Montana's NNC variance submission, which speaks for itself and is the best evidence of its contents. The allegations of the second sentence of Paragraph 50 expresses Plaintiff's prediction of future events, or is a legal conclusion, which do not require a response. Defendants affirmatively state that 40 C.F.R. § 131.14(b)(1)(v), cited by Plaintiff in Paragraph 50, was not effective until October 20, 2015, after the date of EPA's action approving Montana's NNC and variance (February 26, 2015), and was not applicable on February 26, 2015.

51. The allegations of Paragraph 51 of the Complaint are legal conclusions to which no response is required.

52. The allegations of Paragraph 52 of the Complaint characterize Montana's NNC and NNC variance submissions and underlying record, which speak for themselves and are the best evidence of their contents.

53. The allegations of the first sentence of Paragraph 53 of the Complaint characterize EPA's approval of the Montana NNC and NNC variance submissions and the EPA record, which speak for themselves and are the best evidence of their contents. The allegations of the second sentence of Paragraph 53 are legal conclusions to which no response is required.

54. The allegations of Paragraph 54 of the complaint characterize Montana's NNC variance submission and underlying record, which speak for themselves and are the best evidence of their contents.

55. The allegations of Paragraph 55 of the Complaint are legal conclusions to which no response is required.

56. The allegations of Paragraph 56 of the Complaint are legal conclusions to which no response is required.

57. Defendants deny that Plaintiff is entitled to the relief included in the "Request for Relief" set forth at page 20 of the Complaint. To the extent that Defendants have not answered each and every factual allegation of the Complaint, such unanswered allegations are specifically denied.

DEFENSE

Plaintiff has not set forth a claim upon which relief may be granted.

WHEREFORE, Defendants request that this action be dismissed with prejudice, and for such other and further relief as appears just and appropriate.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

Dated: September 14, 2016  By:    *Daniel Pinkston*
DANIEL PINKSTON
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
South Terrace, Suite 370
999 18th Street
Denver, Colorado  80202
(303) 844-1804
daniel.pinkston@usdoj.gov

MICHAEL W. COTTER
United States Attorney
District of Montana

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing ANSWER by Notice of Electronic Filing using the Court's CM/ECF system, which will send notice of such filing via email to all counsel of record.

Said filing was made on or before the date set forth below.

Dated: September 14, 2016           By:     /s/ Daniel Pinkston
Environmental Defense Section
United States Department of Justice